**INDEPENDENT PRODUCTIONS COR-
PORATION and IPC Distributors,
Inc., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al.,
Defendants.**

United States District Court
S. D. New York.
March 28, 1961.

See also 27 F.R.D. 426.

Rosston, Hort & Brussel, New York City, for plaintiffs; George Brussel, Jr., Eugene G. King, Edward Labaton, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant, Radio Corporation of America; Oleg Peter Petroff, J. Willard O'Brien, New York City, of counsel.

DIMOCK, District Judge.

Defendant Radio Corporation of America (hereinafter called "RCA") moves pursuant to Rule 12(b) (6), F.R.Civ.P., to dismiss the amended complaint as supplemented by the "Third Amended More Definite Statement for Defendant RCA" for failure to state a claim upon which relief can be granted against RCA.

The action is one brought under the Federal antitrust laws to recover treble damages in the sum of $7,500,000. The amended complaint names as co-conspirators more than 100 corporate and individual defendants engaged in various branches of the motion picture industry. The allegation is made that defendants have conspired to prevent, and interfere with, the production, distribution and exhibition of a film entitled "Salt of the Earth", produced and distributed by the two plaintiff corporations.

RCA does not contend that plaintiffs have failed to comply with previous orders of the court requiring amended more definite statements. The basis for the present motion is that the allegations of the third amended more definite statement preclude the finding of an agree-

ment between RCA and the other alleged co-conspirators. The pertinent allegations of plaintiffs' third amended more definite statement are as follows:

"(d) Plaintiffs intend to allege only one conspiracy. Said defendant [RCA] participated in the conspiracy during 1953.

"(e) With knowledge of the conspiracy and for the purpose of furthering its objectives, defendant Radio Corporation of America refused to process 'Salt of the Earth' for sound. Said defendant conspired with all of the defendants and co-conspirators named in the amended complaint. *Plaintiffs do not claim that said defendant had actual contact with any of the other defendants or with any of the co-conspirators.*" (Emphasis added.)

RCA maintains that, even though contact may be inferred from circumstantial evidence, contact must be established either by inference or direct proof if there is to be a finding of conspiracy. It is said that the disavowal of any claim of contact in this case means that no contact can be established either by inference or direct proof and that therefore there can be no finding of conspiracy.

Whatever may be the merits of this argument as a matter of logic, it runs counter to a statement in an opinion of the Supreme Court which I must treat as binding on me. In Theatre Enterprises v. Paramount, 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273, the question was whether the respondent motion picture distributors in Baltimore had conspired to deprive a suburban theater of first run pictures. The court said at page 540 of 346 U.S., at page 259 of 74 S.Ct.: "The crucial question is whether respondents' conduct toward petitioner stemmed from independent decision or from an agreement, tacit or express". If the agreement which is a component of conspiracy can

be tacit, the fact that there was no contact between the alleged conspirators is not fatal to a charge of conspiracy.

Motion denied.

So ordered.